```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| PRECIOUS OKEREKE,<br><br>        Plaintiff,<br>-against-<br>LEO T. SOROKIN; AND PATTI B. SARIS, IN INDIVIDUAL & OFFICIAL CAPACITIES,<br><br>        Defendants. | 19-CV-7338 (CM)<br><br>ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651 |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff filed this action *pro se*. By order dated September 17, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## STANDARD OF REVIEW

The court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.

**BACKGROUND**

Plaintiff Precious Okereke brings this action against the Hon. Leo T. Sorokin, District Judge of the United States District Court for the District of Massachusetts, and the Hon. Patti B. Saris, Chief Judge of the United States District Court for the District of Massachusetts. She alleges that Defendants have "unconscionably restrict[ed] or denied Plaintiff access to court devoid of pre- and post-deprivation hearings . . . ." (ECF No. 2 at 1.)

Plaintiff seeks monetary damages and Defendants' recusal from her cases.

**DISCUSSION**

Because Plaintiff alleges that his constitutional rights were violated by employees of the federal government, the Court liberally construes Plaintiff's complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed § 1983 claims brought against federal employee as arising under *Bivens*).

2

### A. Judicial Immunity

Plaintiff's claims against Judge Leo T. Sorokin and Chief Judge Patti B. Saris must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge acts "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff' s claims against Judge Leo T. Sorokin and Chief Judge Patti B. Saris arise of out of their rulings and actions while presiding over Plaintiff' s cases in the United States District Court for the District of Massachusetts; such rulings and actions were within the scope of their judicial capacities and jurisdiction. The Court therefore dismisses Plaintiff' s claims against Judge Leo T. Sorokin and Chief Judge Patti B. Saris under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer,* 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for

purposes of [the *in forma pauperis* statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

In deference to Plaintiff's *pro se* status, the Court would normally direct Plaintiff to amend her complaint, but the Court finds that the complaint cannot be cured with an amendment. Where an amendment would be futile, leave to amend is not required. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

**B.      Litigation History**

Plaintiff has a history of filing vexatious, frivolous, or nonmeritorious actions in federal courts. She is "enjoined from filing any additional or new claims, cases, complaints, or other documents [in the United States District Court for the District of Massachusetts], in any manner, way or form, without first obtaining the written approval of a judge of [that] Court." *See Okereke v. Boston Police Hackney Div.*, No. 11-CV-11626 (RWZ) (D. Mass. Sept. 19, 2012).

In light of her litigation history, Plaintiff is ordered to show cause why she should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file her complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon her. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does

4

not set forth good cause why this injunction should not be entered, she will be barred from filing any further actions IFP in this Court unless she first obtains permission from this Court to do so.

## CONCLUSION

The Clerk is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed as frivolous, and for seeking monetary relief against defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future action *in forma pauperis* in this Court without prior permission. A declaration form is attached to this order.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 24, 2019
        New York, New York

                                      COLLEEN McMAHON
                                Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|

| Name | Prison Identification # (if incarcerated) |
|---|---|

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number (if available) | E-mail Address (if available) |
|---|---|