UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRECIOUS OKEREKE,

                    Plaintiff,

        -against-

LEO T. SOROKIN; AND PATTI B. SARIS, IN
INDIVIDUAL & OFFICIAL CAPACITIES,

                    Defendants.

19-CV-7338 (CM)

BAR ORDER UNDER
28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff filed this action *pro se*. On September 24, 2019, the Court dismissed the action

as frivolous and for seeking monetary relief against defendants who are immune from such relief

and noted that Plaintiff has a history of filing vexatious, frivolous, or nonmeritorious actions in

federal courts. (ECF No. 4 at 4.) The Court noted further that in 2012, the United States District

Court for the District of Massachusetts enjoined her from filing any new actions in that court

without first obtaining leave of the court. (ECF No. 4 at 4 (citing *Okereke v. Boston Police

Hackney Div.*, No. 11-CV-11626 (RWZ) (D. Mass. Sept. 19, 2012)). The Court therefore ordered

Plaintiff to show cause by declaration within thirty days why she should not be barred from filing

further actions *in forma pauperis* (IFP) in this Court without prior permission.

Plaintiff filed a declaration on October 10, 2019, stating:

> The cards are on the table legally or jurisprudentially speaking. In essence, the law speaks
> for itself despite the discernible effort to doctor them by Chief Justice McMahon
> in/directly. Evidently, the Plaintiff should reverse herself, because the Defendants
> knowingly restricted the Plaintiff's access to the court in stark violation of the law or on
> the basis of void judgment, which the First Circuit understood the legal ugly surrounding
> circumstances and remanded. Above all, the importance of Equal Protection and Due

Process Clauses should not be over-emphasized, though obviously, desiderata to the proceedings.

(ECF No. 5 at 11.)[1] Plaintiff's arguments against imposing the bar order are insufficient.[2]

## CONCLUSION

The Court bars Plaintiff from filing future civil actions IFP in this Court without first obtaining from the Court leave to file. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of her proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this Court. If Plaintiff violates this order and files an action without filing a motion for leave to file, the Court will dismiss the action for failure to comply with this order.

Plaintiff is further warned that the continued submission of vexatious, frivolous, or otherwise nonmeritorious documents in this case may result in the imposition of additional sanctions, including monetary penalties. *See id.* The Clerk is directed to close this action.

The Clerk of Court is directed to accept no further documents in this action other than those directed to the United States Court of Appeals for the Second Circuit.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

[2] A review of the Public Access to Court Electronic Records (PACER) database reveals that, contrary to Plaintiff's assertion that the United States Court of Appeals for the First Circuit remanded to the district court the action that restricted Plaintiff from filing any new actions in the District of Massachusetts without first obtaining permission from that court, the First Circuit, in fact, dismissed Plaintiff's appeal for want of jurisdiction. *See Okereke v. Boston Police Hackney Div.*, No. 18-1943 (1st Cir. Feb. 20, 2019).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 25, 2019
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge